*566 MEMORANDUM***
Pastor appeals the district court’s imposition of a 120-month sentence for bank robbery in violation of 18 U.S.C. § 2113(a). Because the parties are familiar with the facts, we do not recite them in detail. We review the constitutionality of a sentence de novo, United States v. Mezas de Jesus, 217 F.3d 638, 642 (9th Cir.2000), and we affirm.
Pastor pled guilty to robbing First Hawaiian Bank in 2003 by handing the teller a note stating, “I have a gun. No dye packs. No tricks.” In sentencing Pastor for this offense, the district court accepted the presentence report’s recommendation that Pastor’s sentence reflect a career offender enhancement, under USSG § 4B1.1, and threat of death enhancement, under USSG § 2B3.1. Having consulted the advisory guidelines, as it was required to, and making a downward adjustment for acceptance of responsibility and downward departure for diminished capacity, the district court sentenced Pastor to 120 months for the instant offense. This sentence was below that recommended in the presentence report and well below the 20-year statutory maximum.
We reject Pastor’s claim that the district court’s enhancements based on its own findings of fact concerning his previous criminal history and the specific offense characteristic violate his Sixth Amendment rights under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Such Sixth Amendment concerns are not implicated when the district court sentences under advisory guidelines. See United States v. Ameline, 409 F.3d 1073, 1077-78 (9th Cir.2005) (en banc).
Pastor’s additional argument that retroactively applying the advisory guidelines to him violates his due process rights is foreclosed by United States v. Dupas, 419 F.3d 916, 920-21 (9th Cir.2005).
Accordingly, Pastor’s sentence is AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.